UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JEREMIAH WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19-cv-00077-MTS |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jeremiah Wilson's Petition under 28 U.S.C. § 2254 for writ of habeas corpus. Doc. [1]. For the following reasons, Petitioner's 28 U.S.C. § 2254 Petition is denied.

### I.    Procedural Background

Petitioner is currently incarcerated at the Southeast Correctional Center (SECC) in Charleston, Missouri. Petitioner was charged with robbery in the first degree in the Circuit Court of St. Louis County, Missouri. Petitioner pleaded guilty to robbery in the first degree and was sentenced to twenty years of imprisonment. Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 claiming that plea counsel misinformed him concerning credit for the Illinois prison time that he served during the pendency of his case. The motion court expressly denied Petitioner's motion without an evidentiary hearing, but resentenced him to seventeen years, eight months, and twenty-four days imprisonment reflecting the credit Petitioner thought he would receive. Petitioner appealed the denial of his post-conviction motion to the Missouri Court of Appeals, Eastern District. The Missouri Court of Appeals found that although plea counsel misinformed Petitioner concerning the jail-time credit

he would receive, which would normally entitle Petitioner to an evidentiary hearing, the full record demonstrated Petitioner did not suffer any prejudice because the motion court eliminated any potential prejudice by resentencing Petitioner to the amount of time he thought he was going to receive via jail-time credit.

## II.     Factual Background

On January 9, 2014, Petitioner pleaded guilty to the charge of theft in Illinois and was sentenced to three years in prison. Doc. [10-2] at 34. While Petitioner was serving time in Illinois for the Illinois theft charge, Missouri charged Petitioner with robbery in the first degree for an incident occurring during June 2013. On August 25, 2016, Petitioner pleaded guilty to the charged offense without a recommendation from the State.[1] *Id*. at 100.

At the plea hearing, the State outlined its evidence against Petitioner: Petitioner, acting with another, forcibly stole $41,435.00 in merchandise at gunpoint from an AT&T store and fled the scene in a gray SUV. Doc. [10-3]. Law enforcement later found the gray SUV, which contained DNA and fingerprint evidence linking Petitioner to the vehicle. *Id.* Petitioner admitted to participating in the robbery. *Id.* The State outlined the range of punishment as 10 to 30 years or life imprisonment, and that Petitioner would have to serve 85 percent of any sentence imposed. Doc. [10-3] at 12. Petitioner confirmed that he understood the range of punishment. *Id.* Petitioner also assured the plea court that he understood the nature and consequences of his blind guilty plea, he had sufficient time to

---

[1] A plea not pursuant to the State's recommendation is also called a blind plea, "in which the defendant pleads guilty without any agreement with the prosecutor or court as to the sentence and with an understanding that the . . . court could impose any sentence within the authorized range of punishment." *Stanley v. State*, 490 S.W.3d 389, 391 n. 1 (Mo. Ct. App. 2016). At the plea hearing, the State informed the plea court that the recommended sentence would have been 20 years, and Petitioner stated that he refused this recommendation. Doc. [10-3] at 8 and 12.

speak with plea counsel, plea counsel adequately investigated his case, and he had no general complaints or criticisms of plea counsel's services. Doc. [10-3] at 12-14. Further, Petitioner stated that no one made him any promises about the outcome of the plea and that no one told him how long he would be confined or serve as a result. *Id.* Specifically:

> COURT: Has anybody made any promises to you about the outcome of your plea of guilty, other than I will make the decision as to what your sentence will be?
> PETITIONER: No, sir.
> COURT: Has your attorney or anyone else told you how long you will be confined or have to serve in the penitentiary, if the Court accepts your plea of guilty and imposes a sentence of confinement?
> PETITIONER: No, sir.

Doc. [10-3] at 13-14. The plea court accepted Petitioner's guilty plea and scheduled the sentencing hearing.[2] Petitioner's sentencing hearing was held on October 20, 2016. Upon sentencing Petitioner to twenty years in prison, the sentencing court affirmatively stated that Petitioner would receive "credit for time served on [his] Illinois case . . . and [his] time will be run concurrent with any sentence [he has] in Illinois." Doc. [10-3] at 20. During the sentencing hearing the court inquired about Petitioner's satisfaction with plea counsel:

> COURT: One final series of questions: Did [plea counsel], your attorney, did he do the things you wanted him to do as far as looking into your case, preparing it, and putting it in the best position as far as you could tell for disposition?
> PETITIONER: No, sir.
> COURT: You don't think he did? I believe he did. I think he did a good job for you. During the negotiations that you worked out -- you actually didn't go with the negotiations in this case, you elected to have me make the choice; is that correct?
> PETITIONER: That's correct. Yes, sir.
> COURT: And so you are not satisfied with [plea counsel's] services?
> PETITIONER: No, sir.[3]

---

[2] The plea court also served as the sentencing and motion court in this matter.
[3] The Missouri Court of Appeals acknowledged in its opinion that the motion court made no inquiry into Petitioner's complaints and admonished that a sentencing court should make a full inquiry into a defendant's claims of ineffective assistance of counsel as to remedy any constitutional deprivation that may have occurred, but that here,

> COURT: I believe that [plea counsel] did a good [job] for you, and therefore, I do not believe there is probable cause or prima facie basis for ineffective assistance of counsel. I wish you the best of luck, [ Petitioner].

Doc. [10-3] at 21-22.

The written judgment and sentence entered by the sentencing court showed that Petitioner's sentence was twenty years, "to be served concurrent with credit for time served with 13CF1626" (the Illinois conviction). Doc. [10-2] at 102. The Missouri Department of Corrections did not credit Petitioner for the time served in Illinois.

Petitioner subsequently filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, claiming that he was induced to plead guilty based on plea counsel's erroneous advice that he would receive credit for the time he spent in Illinois custody during the pendency of his Missouri case. The motion court denied Petitioner's Rule 24.035 motion, without an evidentiary hearing, finding that the record refuted Petitioner's claim that he received ineffective assistance of counsel. In other words, the motion court found that Petitioner failed to show he would have proceeded to trial but for counsel's misinformation, and that Petitioner failed to carry the burden of showing his counsel was ineffective based on counsel's alleged statements regarding the amount of time he would serve. Doc. [10-2] at 74. However, despite expressly denying Petitioner's motion, the motion court vacated Petitioner's original sentence and resentenced him to seventeen years, eight months, and twenty-four days of imprisonment.[4] Doc. [10-2]. Petitioner

---

"[they were] fortunate, given the particular facts of Petitioner's motion, that the sentencing court's lack of inquiry did not impede [their] review." Doc. [10-4] at 3.

[4] Under Missouri Supreme Court Rule 24.035(j), "[i]f the court finds that the judgment was rendered without jurisdiction, that the sentence imposed was illegal, or that there was a denial or infringement of the rights given movant by the constitution of Missouri or the constitution of the United States as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as appropriate."

appealed the denial of his Rule 24.035 motion, and the Missouri Court of Appeals affirmed the motion court's judgment. Doc. [10-4]. Petitioner, therefore, exhausted his state remedies and subsequently filed a timely petition for writ of habeas corpus with this Court under 28 U.S.C. § 2254. Doc. [1].

### III.   Legal Standard

The Sixth Amendment's guarantee of counsel is applicable to the States through the Fourteenth Amendment because it is a fundamental right and essential to a fair trial. *Gideon v. Wainwright*, 372 U.S. 335, 342-45 (1963). When a criminal case is resolved by a guilty plea instead of a trial, the Constitution requires that the plea be made knowingly, intelligently, and voluntarily, with knowledge of "the relevant circumstances and likely consequences," because it constitutes a waiver of a defendant's right to a trial, right to confront accusers, and privilege against self-incrimination. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). "The entry of a guilty plea . . . ranks as a 'critical stage' at which the right to counsel adheres." *Iowa v. Tovar*, 541 U.S. 77, 81 (2004).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that his counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy this standard in cases involving a guilty plea, a petitioner must show that "there is a reasonable probability[5] that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"Where a state court concludes that there was no ineffective assistance under this 'highly

---

[5] "A 'reasonable probability' is one that is 'sufficient to undermine the confidence in the outcome of the proceeding;'" a reasonable probability Petitioner would have "done something different." *United States v. Harrison*, 974 F.3d 880, 882 (8th Cir. 2020).

deferential' standard, a federal court then must review counsel's performance under the 'deferential lens of § 2254(d).'" *Gray v. Norman*, 739 F.3d 1113, 1117 (8th Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

The Court's review of the Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Harrington v. Richter*, 562 U.S. 86, 100 (2011); 28 U.S.C. § 2254(d)(1). Under AEDPA, the decision of the state court is entitled to deference unless the state court's adjudication on the merits, (1) "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The "clearly established Federal law" requirement of habeas review under § 2254(d)(1) requires the habeas court to consider only United States Supreme Court precedent in force when a state court issued its decision. *Greene v. Fisher*, 565 U.S. 34, 38-40 (2011).

A state court's decision is "contrary to" clearly established Federal law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court unreasonably applies clearly established Supreme Court precedent if it correctly identifies the governing legal principle but unreasonably applies that principle to the facts of the case. *Colvin v. Taylor*, 324 F.3d 583, 587 (8th Cir. 2000).

A determination of a factual issue made by a state court is presumed correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). The presumption of correctness applies to the factual determinations made by a state court at either the trial or appellate levels, *Smulls v. Roper*, 535 F.3d 853, 864-65 (8th Cir. 2008), and to a state court's implicit findings of fact, *Grass v. Reitz*, 749 F.3d 738, 743 (8th Cir. 2014). Likewise, federal habeas courts defer to state court credibility determinations, *Smulls*, 535 F.3d at 864, and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim. *Odem v. Hopkins*, 382 F.3d 846, 849 (8th Cir. 2004).

A petitioner is entitled to federal habeas relief under 28 U.S.C. § 2254(d)(2) if the state court's decision was based on an "'unreasonable determination of the facts in light of the evidence presented in the State court proceeding' . . . which requires clear and convincing evidence that the state court's presumptively correct factual finding lacks evidentiary support." *See Trussell v. Bowersox*, 447 F.3d 588, 591 (2006). Under the AEDPA "[t]he pivotal question" for a federal habeas court reviewing an ineffective assistance of counsel claim that was subject to state court review on the merits "is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101.

**IV.   Discussion**

Petitioner asserts in his ground for relief that he received ineffective assistance of plea counsel, and thus his plea of guilty was rendered involuntary, because counsel erroneously advised him that he would receive credit on his sentence for the time he spent in Illinois custody during the pendency of this case. Petitioner claims that but for counsel's erroneous advice, he would have insisted on going to trial. Doc. [1-1] at 4. When Petitioner failed to receive this credit from the Missouri Department of Corrections, he sought post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. The motion court denied relief, without an evidentiary hearing, finding that Petitioner "failed to carry his burden of showing that he received ineffective

assistance of counsel based on [counsel's] alleged statements regarding the amount of time he would serve. Further, [Petitioner] failed to show he would have proceeded to trial, but for [counsel's] actions." Doc. [10-2] at 74. However, the motion court also vacated Petitioner's original sentence and resentenced Petitioner to seventeen years, eight months, and twenty-four days. *Id.* at 74-75. Petitioner appealed the denial of his motion to the Missouri Court of Appeals.

The Missouri Court of Appeals found that although the sentencing court noted on the sentencing report that Petitioner's Missouri sentence was to run concurrent with "credit for time served" on his Illinois sentence, the record before it contained no finding to satisfy the requirement under Section 558.031 of the Revised Statutes of Missouri that the time Petitioner spent in Illinois custody, before he entered his blind guilty plea in Missouri, be related to the Missouri offense.[6] As such, they found that "[w]ithout such a determination, the motion court lacked authority to grant Petitioner credit for the time Wilson served on the Illinois charge."[7] Doc. [1-1] at 17. Petitioner claims that he relied on counsel's advice

---

[6] Section 558.031.1 of the Revised Statutes of Missouri (2016) states that a "person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, *when the time in custody was related to that offense*[.]"

[7] Under Missouri law, the calculation and award of jail-time credit is an administrative function of the Missouri Department of Corrections. *State ex rel. Nixon v. Kelly*, 59 S.W.3d 542, 544 (Mo. Ct. App. 2001). The award of jail-time credit *is not* a matter of discretion with the sentencing court. *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421, 424-26 (Mo. banc 1992). Only if the offender is entitled to credit under Missouri Revised Statute § 558.031.1 may the *Department* award the credit. *Id*. Here, the motion court vacated Petitioner's initial sentence, that relied on perceived jail-time credit, and resentenced him pursuant to Rule 24.035(j). Because, to resolve Petitioner's ineffective assistance of counsel claim, this Court need not determine whether a state jail-time crediting statute required Petitioner to receive credit for the time he was in Illinois custody, this Court may resolve Petitioner's sole claim on the merits. *See Keys v. Vandergriff*, 4:17-cv-01374-PLC, 2021 WL 1222132, at *10 n.12 (E.D. Mo. Mar. 31, 2021) (citing *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (reversing the grant of a federal habeas petition in part because, to resolve the petitioner's contention that his right to due process was violated when the trial court, which lacked jurisdiction, sentenced him, the federal habeas court would have to resolve whether the trial court had jurisdiction, a question not properly before a federal habeas court because it involved solely a matter of state law)); *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (vacating the denial of a habeas petition in which the petitioner sought jail-time credit and remanding to the district court for dismissal of the petition upon concluding "the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction").

regarding credit for his Illinois prison time and claims he would not have pleaded guilty but for plea counsel's assurance on the issue, and as such, his guilty plea was involuntary.

After acknowledging Petitioner's argument that he would have proceeded to trial but for plea counsel's assurances as to the jail credit, as well as the State's contention that Petitioner assured the plea court that no promises were made to induce his plea, the Missouri Court of Appeals determined that,

> [g]iven the nature of [Petitioner's] contention that plea counsel advised [Petitioner] on the issue of credit for the time he served in Illinois prison, we are reluctant to conclude with certainty that the plea court's exchange with [Petitioner] regarding 'promises' refutes [Petitioner's] post-conviction claim that he was misadvised by plea counsel, [and that their] reluctance [was] heightened when considering the plea court's statements at sentencing that [Petitioner] would receive credit for his Illinois time.

*Id.* at 18. The Missouri Court of Appeals went on to find that looking at Petitioner's plea and sentencing proceedings together, there was,

> a logical and compelling reason to believe that plea counsel told [Petitioner] he would obtain credit on his Missouri sentence for the time he had served in Illinois prison. Notably, the sentencing court affirmatively stated at sentencing that [Petitioner] would receive credit for the time he served in Illinois prison. This pronouncement was made seemingly without any prompting from plea counsel. The sentencing court then sentenced [Petitioner] to twenty years concurrent with credit for time served in [Petitioner's] Illinois case. Although the record did not contain a direct colloquy between [Petitioner] and the sentencing court or between plea counsel and the sentencing court regarding the reason [Petitioner's] sentence was noted to run concurrent with credit for his Illinois prison time, the record supports a reasonable and logical inference that a conversation regarding credit for the time [Petitioner] was incarcerated in Illinois transpired between the court, plea counsel, and [Petitioner].

*Id.* at 19.

Since the record did not "conclusively refute [Petitioner's] claim that plea counsel

advised him that he would receive credit for his Illinois sentence," the Missouri Court of Appeals evaluated whether plea counsel's affirmative advice that Petitioner would receive the credit caused him to acquire a mistaken belief regarding his sentence, and whether that information prejudiced him under *Strickland*. *Id.* at 19.

The Missouri Court of Appeals ultimately found that it was reasonable for Petitioner to believe he would receive credit for the time he served in Illinois, given plea counsel's advice and the sentencing court's assurance he would receive the credit. And that since the record did not refute Petitioner's allegations that he was misadvised by plea counsel about the collateral consequences of his guilty plea, he was entitled to an evidentiary hearing unless the record showed he did not suffer any prejudice due to the misinformation. The Missouri Court of Appeals determined that the limited motion court record "failed to evaluate the impact of counsel's misinformation on [Petitioner's] decision to plead guilty," and as such the record before the motion court did not conclusively refute Petitioner's claim of prejudice. This would normally require the motion court to hold an evidentiary hearing on the matter. *Id.* at 19. However, the Missouri Court of Appeals further found that,

> Despite the motion court's finding that [Petitioner] did not carry his burden of proof on his claim, the motion court nevertheless resentenced [Petitioner] by lessening the original twenty-year sentence to reflect the time [Petitioner] had served on the Illinois charge during the pendency on his Missouri charge. In doing so the motion court vacated the initial illegal sentence and resentenced Petitioner to a specific term of years without regard to credit for time served in Illinois, which it may do under Rule 24.035(j). By correcting the illegal sentence, the motion court eliminated any prejudice [Petitioner] may have suffered … to a term in accordance with the amount of time he believed he would have to spend in prison on the Missouri charge per plea counsel's advice. Accordingly, the record before this Court refutes [Petitioner's] claim of prejudice.

Doc. [10-1] at 20. The Missouri Court of Appeals found that "[t]he motion court's conduct

10

reflect[ed] a measure of fairness and justice apparently intended to address the underlying merits of [Petitioner's] motion," and that had the motion court's judgment only found that Petitioner failed to meet his burden given the anemic record before it, and had not resentenced him as well, it would have been "compelled to remand for an evidentiary hearing" to determine the issue of prejudice. *Id.* at 21.

The Court finds that the Missouri Court of Appeals' factual determinations and application of *Strickland* to Petitioner's ineffective assistance of counsel claim were not unreasonable. The Missouri Court of Appeals found that although plea counsel was ineffective for misinforming Petitioner about the Illinois jail credit, and that Petitioner was entitled to an evidentiary hearing to determine if he was prejudiced, it ultimately found that any prejudice Petitioner may have suffered was cured by the motion court resentencing him to a term in accordance with the amount of time he believed he would have to serve in prison. "Sixth Amendment remedies should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'" *Lafler v. Cooper*, 566 U.S. 156, 170 (2012) (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981). "Thus, a remedy must neutralize the taint of a constitutional violation . . . while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution[.]" *Id.* at 170; *see also United States v. Mechanik*, 475 U.S. 66, 72 (1986). Ultimately, Petitioner was sentenced to a term of imprisonment in accordance with the amount of time the Missouri Court of Appeals determined Petitioner believed he would have to spend in prison on the Missouri charge when he entered his plea. Petitioner has not shown that conclusion was an unreasonable determination of the facts or that it was an unreasonable application of *Strickland*.

11

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Jeremiah Wilson for writ of habeas corpus, Doc. [1], pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FINALLY ORDERED** that Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

Dated this 29th day of September, 2022

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE